UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 77-CR-416-ROSENBERG/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FERNANDO GARCIA-GODOS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Petitioner, *pro se*, filed two Motions to Dismiss (the "Motions"). (ECF Nos. 24, 27). The government filed Responses, (ECF Nos. 25, 29), and Petitioner Replies. (ECF Nos. 31, 32). The government also filed a Motion to Strike Docket Entries 24 and 27. (ECF No. 28). The Honorable Robin L. Rosenberg referred all motions to me for a report and recommendation. (ECF Nos. 26, 33). For the reasons explained below, I recommend that the Court deny without prejudice Petitioner's Motions because this Court lacks jurisdiction over Petitioner's claims. I further recommend that the Court deny as moot the government's Motion to Strike.

    **I.**    **Background**

In 1977, the government charged Petitioner by Indictment with multiple counts of possession with intent to distribute cocaine, importation of cocaine and conspiracy to commit those offenses. (ECF No. 11-1). The next year, Petitioner pled guilty to all offenses. (ECF No. 11-2). This Court sentenced him to serve concurrent twelve-year terms of

imprisonment as to each count. (ECF No. 11-3). The Court remanded Petitioner to the Bureau of Prisons to serve his sentence, and in 1980, Petitioner escaped from custody. (ECF No. 25 at 1). He remained at large for more than 30 years until the United States Marshals Service learned he was living in Peru. (*Id.* at 1-2).

In 2016, the government charged Petitioner with escape, in violation of 18 U.S.C. § 751, and the Court issued a warrant for his arrest. *See* (*United States v. Garcia-Godos*, Case No. 16-mj-2227-McAliley, ECF Nos. 3-4). The United States asked the Government of Peru to provisionally arrest and extradite Petitioner to the United States pursuant to the Extradition Treaty between the United States and Peru. (ECF No. 11 at 2). Authorities in Peru detained Petitioner and authorized his extradition to the United States to serve the remainder of his sentence. (*Id.*).

In 2017, while in Peru awaiting extradition, Petitioner hired attorney Leonard Fenn. (ECF Nos. 3, 25 at 2). Petitioner filed, through counsel, a motion to vacate the extradition warrant that challenged the lawfulness of the on-going extradition proceedings. (ECF No. 4). In 2018, this Court denied the motion without engaging in a review of the merits, based on the fugitive disentitlement doctrine and principles of international comity. (ECF Nos. 20, 21).

After Peru extradited Petitioner, Mr. Fenn filed a new collateral action on his behalf, a petition for writ of habeas corpus under 18 U.S.C. § 2241 that again challenged the legality of his extradition. *See* (*Garcia-Godos v. Ramirez*, Case No. 18-cv-23206-Martinez, ECF No. 1). The Honorable Jose E. Martinez denied the petition on the merits. (*Id.* at ECF Nos. 32, 43). On August 14, 2020, Mr. Fenn filed a Notice of Appeal to the Eleventh

Circuit Court of Appeals. (*Id.* at ECF No. 44). In that appeal, Petitioner contends that Judge Martinez erred in finding that: (1) the extradition proceedings did not violate the Rule of Specialty, (2) the extradition request satisfied the Treaty's requirements, and (3) the government's extradition request complied with the Treaty. (Initial Br., ECF No. 25-1). That appeal is pending, and Mr. Fenn represents Petitioner before the Court of Appeals. (*Id.*).

Petitioner has now filed, *pro se,* two Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction), 12(b)(4) (insufficient process), and 12(b)(5) (insufficient service of process). (ECF Nos. 24, 27). The subject of both Motions is the same: they challenge the lawfulness of his extradition. (*Id.*).[1] The government filed Responses to the Motions that argues that this Court lacks jurisdiction because the subject of the Motions is the same as that now before the Court of Appeals. (ECF Nos. 25, 29). Petitioner filed a Reply, stating "I'm not asking your Honor to dismiss the case or the indictment, because that's impossible. The only thing I'm asking is JUSTICE and to stop this abuse." (ECF No. 31 at 1). Additionally, the government has moved to strike Petitioner's Motions as improper *pro se* motions. (ECF No. 28).

**II.    Analysis**

This is a criminal action and Petitioner invokes Rules of Civil Procedure that do not apply here. Beyond that, it is unclear what Petitioner asks this Court to do. He has filed

---

[1] Petitioner has also improperly filed, *pro se*, many letters to the Court complaining of the extradition proceedings. *See* (ECF No. 30); (Case No. 18-cv-23206-Martinez, ECF Nos. 29, 30, 35, 36, 42, 49).

Motions to Dismiss, (ECF Nos. 24, 27), and yet he states that he is "not asking [the Court] to dismiss the case or the indictment," (ECF No. 31 at 1).

What is clear is that Petitioner once again disputes the lawfulness of his extradition. *See* (ECF Nos. 24, 27). Most recently he did the same in his habeas corpus petition before Judge Martinez. *See* (Case No. 18-cv-23206-Martinez, ECF No. 1). On August 14, 2020, Petitioner's counsel filed a Notice of Appeal of Judge Martinez's denial of that petition, (*Id.* at ECF Nos. 32, 43, 44), and the matter is now before the Eleventh Circuit. *See* (ECF No. 25-1). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *See United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (citations and internal quotation marks omitted).[2] The Court of Appeals now has before it the issue of the lawfulness of Petitioner's extradition, and this Court thus lacks jurisdiction to consider the same. Because this Court lacks subject matter jurisdiction, it must deny Petitioner's Motions without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Petitioner is represented by counsel in this action. Local Rule 11.1(d)(4) thus bars him from filing papers with the Court:

> Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party;

---

[2] An exception, which does not apply here, is that the filing of a notice of appeal does not divest the district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). *See* Fed. R. App. P. 4(b)(5).

> provided, that the Court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared or is represented by an attorney.

S.D. Fla. L.R. 11.1(d)(4).

Courts in this District routinely strike *pro se* motions when the party is represented by counsel. *See*, *e.g.*, *Lustig v. Stone*, Case No. 15-20150-CIV-LENARD/GOODMAN, 2020 WL 3469719, at *7-9, *20 (S.D. Fla. June 25, 2020); *United States v. Mento*, Case No. 2:00-cr-14034-KMM, 2016 WL 1089678, at *2 n.1 (S.D. Fla. Mar. 21, 2016). The Eleventh Circuit has also repeatedly held that "an individual does not have a right to hybrid representation." *Whitman v. Clerk of Court*, 786 F. App'x 228, 230 (11th Cir. 2019) (quoting *Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990)). If the Court had jurisdiction over Petitioner's Motions, then I would recommend striking those Motions as improper.

### III.   Recommendation

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY WITHOUT PREJUDICE** Petitioner's Motions to Dismiss, (ECF Nos. 24, 27), and **DENY AS MOOT** the government's Motion to Strike Docket Entries 24 and 27, (ECF No. 28).

### IV.   Objections

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Robin L. Rosenberg, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those

5

objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** this 9th day of December 2020, at Miami, Florida.

                                                    _____
                                                    CHRIS McALILEY
                                                    UNITED STATES MAGISTRATE JUDGE

cc: Honorable Robin L. Rosenberg
    Counsel of record